| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Not For Publication |

|  |  |
|---|---|
| In re | Chapter 7 |
| MICHAEL ROY BRESSLER, | Case No. 06-11897 (AJG) |
| Debtor. | |
| WILLIAM FOREST and SHAWN STEIBEL, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 06-1908 |
| MICHAEL ROY BRESSLER, | |
| Defendant. | |

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO COMPEL DISCOVERY

Before the Court is the motion of Michael Roy Bressler, the Debtor, (hereinafter "Defendant") to compel discovery of William Forrest and Shawn Steibel's (collectively "Plaintiffs") income tax records and attorney file from the *Forrest and Steibel v. Northern Intelligence Agency* employment discrimination court case in the United States District Court for the Eastern District of New York, Case No. 97-Civ.-5359.

The Court will consider Defendant's motion regarding the following items in Defendant's discovery request, (1) income tax records, and (2) the *Forrest and Steibel v. Northern Intelligence Agency* attorney file.

With respect to the income tax records, Defendant argues that the income tax records will reveal whether Plaintiffs suffered any damages and if no damages were

suffered, Plaintiffs do not have a valid claim against Defendant. However, Defendant fails to show why privileged income tax records are relevant to the instant proceeding. Furthermore, Defendant fails to establish any impact the Plaintiffs' income, as revealed by income tax records, would have in the malpractice action before the Bronx County Supreme Court, *Forrest and Steibel v. Bressler, Rollings, and Pitter*, Index #17111/02, in which Plaintiffs contend that the settlement in the abovementioned *Forrest and Steibel v. Northern Intelligence Agency* employee discrimination case was negatively affected due to Defendant's malpractice. Although Defendant alleges income tax records will show Plaintiffs mitigated damages by obtaining alternate income, the Court notes that in a legal malpractice action, the measure of damages is the amount the clients would have recovered but for the attorney's negligence. *See Campagnola v. Mulholland*, 76 N.Y.2d 38, 556 N.Y.S. 2d 239, 555 N.E. 2d 611 (1990).

With respect to the attorney file from *Forrest and Steibel v. Northern Intelligence Agency*, the Court finds that the file is not an issue before the Court since Defendant does not deny Plaintiffs' contention that the file was made available to Defendant. (*See* Pls.' Affirm'n in Opp'n to Def.'s Disc. Mot. 15).

Therefore, the Court finds no reason to compel discovery of either Plaintiffs' income tax records or the attorney file from the *Forrest and Steibel v. Northern Intelligence Agency* action.

Accordingly, for the reasons set forth herein it is hereby

ORDERED, that the Motion to Compel Discovery is DENIED.

Dated: New York, New York
June 13, 2007

                                            **s/Arthur J. Gonzalez**
                                            UNITED STATES BANKRUPTCY JUDGE